UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETAR PETROVIC,

        Plaintiff,

 -against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 15-CV-2194 (KMK)(PED)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

 On August 25, 2016, Magistrate Judge Paul E. Davison issued a Report & Recommendation ("R&R") recommending that this Court grant Defendant's Motion for Judgment on the Pleadings. (Report & Recommendation ("R&R") (Dkt. No. 16).) Plaintiff timely filed objections to the R&R on September 7, 2016. (*See* Pl.'s Obj's to R&R ("Pl.'s Obj's") (Dkt. No. 17).) Defendant filed a response to Plaintiff's objections on September 20, 2016. (*See* Def.'s Response to Pl.'s Obj's (Dkt. No. 19).)

 A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

 When a party submits timely and specific objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party

objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Bradley*, 2015 WL 1069307, at *1. Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (internal quotation marks omitted)).

Plaintiff objects to the R&R on the grounds that it is full of "lies," that he is entitled to Social Security benefits because he has "paid his dues," and that his "wife had to quit her job to take care of [him]." (Pl.'s Obj's at 1.) Even construing Plaintiff's objections to the R&R broadly because he is proceeding pro se, his objections are conclusory, vague, and fail to state any specific basis for not adopting the R&R. *See, e.g.*, *Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *2–3 (S.D.N.Y. Sept. 22, 1997) (reviewing report and recommendation for clear error where the plaintiff's objections "simply re-state[d] the relief sought and the facts on which [the plaintiff] ground[ed] his complaint and conclude[d] that the magistrate judge's conclusions [we]re wrong"); *Schoolfield v. Dep't of Corr.*, No. 91-CV-1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (holding that objections to a report and recommendation were not specific because they were "conclusory" and only stated that the report and recommendation was "wrong and unjust").

Because Plaintiff has not lodged any specific objections, the Court has reviewed the R&R for clear error. *See, e.g.*, *Colida v. Nokia Inc.*, No. 07-CV-8056, 2008 WL 4449419, at *1

2

(S.D.N.Y. Sept. 29, 2008) ("[The pro se plaintiff's] objection is general and conclusory and does not require the [c]ourt to engage in de novo review. The [c]ourt reviews this recommendation for clear error." (italics omitted)).¹ Finding no clear error, the Court adopts the R&R in its entirety.²

Accordingly, it is hereby

ORDERED that Defendant's Motion for Judgement on the Pleadings is granted. The Clerk of Court is respectfully directed to terminate the Motion (Dkt. No. 10) and to close the case.

Dated: October 14, 2016
       White Plains, New York

                                                  KENNETH M. KARAS
                                                  UNITED STATES DISTRICT JUDGE

---

¹ The Court would reach the same conclusion under de novo review.

² The Court does note that on page 25 of the R&R there is a cite to *O'Connor v. Chater*, 164 F.3d 618 (2d Cir. 1998), for the proposition that chiropractors are not listed as acceptable medical sources for purposes of the treating-physician rule. Even though the citation includes the location at which *O'Connor* can be found in the Federal Reporter, the page cited only contains a list of decisions in which the Second Circuit issued summary orders. *See id.* For the proposition that chiropractors are other sources for purposes of the treating-physician rule, the Court instead relies on *Diaz v. Shalala*, 59 F.3d 307 (2d Cir. 1995). *See id.* at 313 ("[C]hiropractors are expressly listed in a different section, under 'other sources.'").

    The Court also notes that on page 25 of the R&R there are citations to 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), and 404.1513(e)(3), but those citations are to versions of the C.F.R. predating 2013. The substance of those provisions remains unchanged, but their location in the C.F.R. has since been altered. What used to be § 404.1527(d)(2) can now be found at § 404.1527(c)(2); what used to be § 416.927(d)(2) can now be found at § 416.1572(c)(2); what used to be § 404.1513(e)(3) can now be found at § 404.1513(d)(1).